JOSEPH E. JONES v. ALLIE JONES, ADMINISTRATRIX, ET AL.

(Filed 30 September, 1908.)

1. Contracts—Lands—Specific Performance—Equity Will Enforce, When.

While specific performance of a contract to convey lands is enforcible only in the sound equitable discretion of the court, and not as a matter of right, in the absence of fraud, mistake or other element making such performance inequitable or a hardship, the courts will grant the relief demanded.

2. Same—Administrator—Mortgagor and Mortgagee—Vendor and Vendee.

Plaintiffs, in an action to enforce specific performance of a contract to convey lands, made by deceased and his wife, brought suit against the wife as executrix of her husband, and obtained judgment that the administratrix execute and deliver a deed to him upon payment of the purchase money on a specified day, and in default the lands be sold at public auction for cash, etc., naming a commissioner; also, that the case be retained for further consideration of questions raised by the pleadings in regard to the disposition of the purchase money. The case was inadvertently dropped from the docket by the Clerk, and at a

subsequent term reinstated, on defendant's motion, the Judge finding that the administratrix failed to advertise the land as directed, but had since then made a deed to plaintiff upon payment by him of purchase money: *Held*, (1) the judgment, in effect, was to declare the holders of the legal title trustees to secure the purchase money and pay remainder to plaintiff, and by the administratrix accepting the money, the same result would follow upon equitable principles, and her deed would be valid; (2) the decree of sale of the land as made by the court was a proper one, as the relation of vendor and vendee under such conditions is, for all practical purposes, that of mortgagor and mortgagee.

Plaintiff, at the Spring Term, 1905, of the Superior Court of Greene County, instituted an action against the defendant Allie Jones, administratrix, and the other defendants, heirs at law of Gardner Jones, deceased, for the purpose of compelling specific performance of a contract entered into by said deceased to convey to plaintiff a tract of land in consideration of the payment of the sum of $1,000. Appropriate pleadings were filed, and at May Term, 1906, the jury, in response to issues submitted to them, found that Gardner Jones and his wife, the defendant Allie Jones, executed and delivered to plaintiff the contract as alleged, and that plaintiff had been and was then ready, able and willing to pay the purchase money. The court thereupon rendered judgment directing the administratrix, upon the payment of the purchase money, to execute and deliver to plaintiff a deed for said land. It was further adjudged that the payment be made on or before 1 October, 1906, and that in default thereof the said land be sold at public auction for cash, at the courthouse door, etc.; naming a commissioner to make the sale. It was further adjudged that any and all questions raised by the pleadings in regard to the disposition of the purchase money be retained for further consideration. The case was retained for further orders. The clerk inadvertently dropped the case from the docket. At May Term, 1907, after due notice, a motion was made to reinstate the case. At December Term, 1907, the court found that Joseph E. Jones, the plain-

tiff, failed to comply with the judgment rendered at May Term, 1906, and that the administratrix failed to advertise the land for sale, as directed, but on 1 January, 1907, executed to the plaintiff a deed for the said land, upon the payment of the purchase money and interest. It was therefore adjudged that the deed be set aside and that the commissioner be directed to sell the land in pursuance of the decree of May Term, 1906, and make his report to the next term of the court; that the case be retained, etc. To this judgment plaintiff duly excepted and appealed.

*Skinner & Whedbee* for plaintiff.
*Y. T. Ormond* for defendants.

CONNOR, J. The learned counsel for defendants contends that when the plaintiff failed to pay the purchase money on 1 October, 1906, his right to call for a deed, and the power of the administratrix to execute one, was at an end. It is true, as insisted by defendants' counsel, that specific performance is not a matter of strict right, but is to be enforced in the sound, equitable discretion of the court; but it is also true that, in the absence of fraud, mistake or other element making such performance inequitable or a hardship, the courts always grant the relief demanded. The question as to plaintiff's right to call for the deed, upon the payment of the money, was fixed by the judgment of May Term, 1906. There was no provision in the decree declaring a strict foreclosure of plaintiff's equity upon his failure to pay on the day fixed; on the contrary, a sale was ordered. If a sale had been made, a final decree would have directed the payment out of the proceeds of the $1,000, and interest, to defendants, and the balance would have been paid to plaintiff. The effect of the judgment was to declare the heirs at law of Gardner Jones the holders of the legal title, as trustees, to secure the purchase money and pay the remainder to plaintiff, just as if Gardner Jones had held at his death a mortgage on the

land to secure the debt. This being true, we are not able to see why, upon equitable principles, the same result could not be worked out by the administratrix accepting the money at any time before the sale and making the deed. The delay of three months, with the consent of the administratrix, worked no injury to defendants. It did not even delay them in getting possession of the money, as the commissioner was required, if he sold, to report his sale to the next term of the court. If the court had rendered a decree of strict foreclosure, very unusual at this day, and plaintiff had failed to pay on the day named, a different case would have been presented. The learned counsel suggested that a distinction was to be found between a case where the vendor sued for the purchase money and this, in which the vendee was suing for specific performance, the latter being an invocation of the equitable aid of the court. It may be that formerly, when the courts were more rigid in limiting the right to equitable relief, such a distinction for some purposes may have been made. This Court has for many years treated the relation of vendor and vendee, for all practical purposes, as that of mortgagor and mortgagee, with all of its incidents. The decree rendered by the court at May Term, 1906, was in strict accord with the practice in this State in such cases. If the land had been sold under that decree, the plaintiff would have had the surplus, after paying the purchase money. If that is paid before the sale, the defendants will have what is due them, and the plaintiff the land. The only question left open is the adjustment of certain rights asserted, as between defendants, to the fund. The judgment appealed from must be reversed and the cause proceeded with, as directed by the judgment of May Term, 1906. The plaintiff will recover his cost in this Court.

Error.